**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-8157**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KEITH L. HOPKINS,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.  (3:95-cr-00073-JRS-3)

---

Submitted:  March 23, 2009          Decided:  April 23, 2009

---

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Keith L. Hopkins, Appellant Pro Se.  Gurney Wingate Grant, II, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith L. Hopkins appeals the district court's order denying his motion for reduction of sentence, 18 U.S.C. § 3582(c)(2) (2006). The district court concluded that Hopkins was not entitled to the benefit of Amendment 706 of the sentencing guidelines because he was sentenced as a career offender. Our review of the record reveals that, although Hopkins qualified as a career offender, U.S. Sentencing Guidelines Manual § 4B1.1 (1995), he was not sentenced based on this status. Nonetheless, application of Amendment 706 would not have the effect of lowering Hopkins' guideline range. We accordingly affirm. See United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005) (holding we "may affirm on any grounds apparent from the record").

I

A district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered," if the amendment is listed in the guidelines as retroactively applicable. 18 U.S.C. § 3582(c)(2); see also U.S. Sentencing Guidelines Manual § 1B1.10, p.s. (2008). However, "[a] reduction in the defendant's term of imprisonment is not . . . authorized under . . . § 3582(c)(2) if . . . [the amendment]

does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B), p.s. Amendment 706, the 2007 amendment to USSG § 2D1.1 that lowered the base offense levels for most offenses involving crack cocaine, applies retroactively. USSG § 1B1.10(c), p.s.

II

Hopkins was held responsible for ninety-eight grams of cocaine base and 447 grams of heroin, for a marijuana equivalency of 2407 kilograms. This resulted in a base offense level of 32 (at least 1000 kg but less than 3000 kg marijuana). See USSG § 2D1.1(c)(4). Two levels were added for each of the following: Hopkins' role in the offense; his possession of a firearm; and his obstruction of justice. His total offense level was 38. As a career offender, Hopkins was in criminal history category VI, see USSG § 4B1.1; however, with seventeen criminal history points, Hopkins qualified for category VI independently of his career offender status. His advisory guideline range was 360 months-life in prison.

Although Hopkins qualified as a career offender, the above calculations, rather than the table at USSG § 4B1.1, were used to determine his guideline range because his total offense level from the table would have been 37 — less than the offense level above. See USSG § 4B1.1 ("If the offense level for a

3

career criminal from the table[*] below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.").

Application of Amendment 706 would not change Hopkins' advisory guideline range of 360 months-life. Hopkins was responsible for a marijuana equivalency of 2407 kilograms, which continues to correspond to base offense level 32. See USSG § 2D1.1(c)(4) (2008). Under Amendment 706, this is reduced to base offense level 30. See USSG § 2D1.1, comment. (n.10(D)(i-ii)) (reduce base offense level by two levels if offense involves cocaine base and another controlled substance). With the three two-level adjustments described above, Hopkins' total offense level is 36. Under USSG § 4B1.1(b), the offense level set forth in that guideline's table must be used. Therefore, under Amendment 706, Hopkins' total offense level is 37, his criminal history category is VI, and his advisory guideline range remains 360 months-life in prison.

Because Amendment 706 "does not have the effect of lowering the defendant's applicable guideline range", USSG § 1B1.10(a)(2)(B), p.s., Hopkins is ineligible for a sentence reduction under § 3582(c)(2). We accordingly affirm. We

---

[*] According to the table, because Hopkins' offense statutory maximum was life in prison, see 21 U.S.C. § 841(b)(1)(A), his offense level as a career offender was 37. See USSG § 4B1.1.

4

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>